[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13590
Non-Argument Calendar

_____

D. C. Docket No. 06-00004-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SELVIN AMILCAR REYES-ANTUNEZ,
a.k.a. Juan Reyes-Castro,
a.k.a. Carlos Cartegena-Antunez,
a.k.a. Jaret Reyes-Llamer,
a.k.a. Mario Reyes,
a.k.a. Mario Reyes-Almendarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 12, 2006)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Selvin Amilcar Reyes-Antunez appeals his 27-month sentence for illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). He contends that § 1326(a) creates an offense for illegal re-entry into the United States after deportation and that § 1326(b)(2) creates a separate offense for illegal re-entry into the United States after deportation following conviction for an aggravated felony. Under his view unless the prior conviction is alleged in the indictment the court may not apply the maximum sentence provided in § 1326(b)(2) .

Presenting this issue to preserve it for further review, Reyes-Antunez concedes that his argument is contrary to controlling authority. And it is. See Almendarez-Torres v. United States, 523 U.S. 224, 226-227, 118 S.Ct. 1219, 1222, (1998); Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2348, 2362 (2000); United States v. Guadamuz-Solis, 232 F.3d 1363 (11th Cir. 2000);United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006).

**AFFIRMED.**